IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERARDO APOLINAR, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-1714 |
| | § | |
| SAFEPORT INSURANCE COMPANY, | § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

Gerardo Apolinar sued Safeport Insurance Company after Safeport denied a property damage claim for Apolinar's home. (Docket Entry No. 1). Apolinar's home in Spring, Texas was allegedly damaged in a wind and hailstorm in May 2023. Safeport sent Apolinar letters denying coverage in both August and November 2023. (Docket Entry No. 1-4). After Apolinar filed suit in state court in March 2024, Safeport removed the case to federal court and invoked appraisal in May 2024. (Docket Entry No. 1). Apolinar opposes appraisal on the bases that it was waived by delay; that it is not appropriate due to the small size of the claim and fact that the dispute is over coverage as well as valuation. Alternatively, Apolinar urges that the case not be abated during appraisal. (Docket Entry No. 8).

Based on the record and the law, the court grants Safeport's motion for appraisal but will not abate the case at this time. The reasons are set out below.

I.      **The Legal Standard for Waiver**

Texas insurance policies frequently include provisions requiring or allowing appraisal to resolve disputes about loss amounts. *See State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888–89

(Tex. 2009). "An appraisal clause 'binds the parties to have the extent or amount of the loss determined in a particular way.'" *Id.* at 895 (quoting *In re Allstate Cty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002)); *see also Lundstrom v. United Servs. Auto. Ass'n–CIC*, 192 S.W.3d 78, 87 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) ("The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court."). An appraiser must "decide the 'amount of loss,' not to construe the policy or decide whether the insurer should pay." *Johnson*, 290 S.W.3d at 890. "[U]nless the 'amount of loss' will never be needed . . . appraisals should generally go forward without preemptive intervention by the courts." *Id.* at 895.

> The contractual right to appraisal may be waived. The Texas Supreme Court explained that:
>
> [to] constitute waiver [of the right to appraisal] the acts relied on must be . . . reasonably calculated to induce the assured to believe that . . . compliance by him with the terms and requirements of the policy is not desired, or would be of no effect if performed. The acts relied on must amount to a denial of liability, or a refusal to pay the loss.

*In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (quoting *Scottish Union & Nat. Ins. Co. v. Clancy*, 8 S.W. 630, 632 (Tex. 1888)). As the Court "more recently concluded, '[w]aiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right.'" *Id.* (quoting *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006)).

When an insured argues that the insurer's delay waived its appraisal right, the issue is "when [the insurer] knew that the appraisal clause could be invoked, whether it . . . timely [acted on that] knowledge." *Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 288 (5th Cir. 2009); *Boone v. Safeco Ins. Co. of Ind.*, No. H-09-1613, 2010 WL 2303311, at *12 (S.D. Tex. June 7, 2010). "[W]hile an unreasonable delay is a factor in finding waiver, reasonableness must be measured from the point of impasse." *Universal Underwriters*, 345 S.W.3d at 408. An impasse is

"a mutual understanding that neither [party] will negotiate further." *Id.* at 410. Determining whether the parties are at an impasse "requires an examination of the circumstances and the parties' conduct, not merely a measure of the amount of time involved in seeking appraisal." *Id.* at 408. "An impasse is not the same as a disagreement about the amount of loss. Ongoing negotiations . . . do not trigger a party's obligation to demand appraisal. Nor does an insurer's offer of money to cover damages necessarily indicate a refusal to negotiate further . . . ." *Id.*

"[M]ere delay is not enough to find waiver; a party must show that it has been prejudiced." *Id.* at 411. "[P]rejudice to a party may arise in any number of ways that demonstrate harm to a party's legal rights or financial position." *Id.*; *see also Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008) (prejudice for the purpose of waiver of arbitration is "the inherent unfairness in terms of delay, expense, or damage to a party's legal position" (quoted in *Universal Underwriters*, 345 S.W.3d at 411)); *In re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 46 n.5 (1st Cir. 2005) ("[A] party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." (quoted in *Universal Underwriters*, 345 S.W.3d at 411)); *Menorah Ins. Co., Ltd. v. INX Reinsurance Corp.*, 72 F.3d 218, 222 (1st Cir. 1995) (finding prejudice when a party "incurred expenses as a direct result of [an opponent's] dilatory behavior" (quoted in *Universal Underwriters*, 345 S.W.3d at 411)). The Texas Supreme Court has observed that "it is difficult to see how prejudice could ever be shown when the policy . . . gives both sides the same opportunity to demand appraisal. If a party senses that [an] impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *Universal Underwriters*, 345 S.W.3d at 412.

Waiver "is an affirmative defense and the party asserting it bears the burden of proof." *In re State Farm Lloyds, Inc.*, 170 S.W.3d 629, 634 (Tex. App.—El Paso 2005, orig. proceeding).

Waiver may be a fact question, but it "becomes [a question] of law" when the facts are undisputed or "clearly established." *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996). "The trial court may determine whether an appraisal has been waived as a matter of law at the preliminary stages of litigation." *Laas v. State Farm Mut. Auto. Ins. Co.*, No. 14-98-00488-CV, 2000 WL 1125287, at *7 (Tex. App.—Houston [14th Dist.] Aug. 10, 2000, no pet.) (not designated for publication).

II.     Analysis

   A.   Waiver

Safeport invoked appraisal on May 17, 2024, for a claim for damages allegedly incurred in a storm occurring on May 8, 2023. (Docket Entry No. 8 at 4). Safeport issued two separate denial letters, the second in November 2023. (*Id.* at 2-3). The record evidence shows that in December 2023, Apolinar's attorney sent a letter to Safeport stating that the parties had "reached an impasse" in resolving the claim. (Docket Entry No. 8-6). This timeline creates a delay of about five to six months, which is not sufficient to forfeit the appraisal right in the absence of prejudice.

Apolinar claims that he has been prejudiced by the delay, which led him to file this lawsuit and serve process. (Docket Entry No. 8 at 8-9). But filing a lawsuit, without conducting discovery or motion practice, cannot sustain a claim of prejudice. *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404 (Tex. 2011) (finding no prejudice from the delay, which had caused the lawsuit to be filed, when work on the lawsuit had not significantly proceeded); *Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008) (finding prejudice when the defendants had obtained significant discovery and did not invoke arbitration until shortly before trial). Apolinar claims that he was prejudiced by the delay in invoking appraisal, but he provides scant factual support for that claim.

In *Universal Underwriters of Texas*, the court found that appraisal was appropriate even after a delay of eight months from the time of impasse to the motion to compel appraisal. 345 S.W.3d 404. Similarly, here, the record shows a delay of only five to six months from impasse to the invocation of the appraisal right and shows no prejudice from the delay. Apolinar has not shown that there was an undue delay or prejudice sufficient to waive the appraisal right.

### B. Size of Claim and Issues of Coverage

Apolinar argues that because the "dispute pertains to coverage of the claim . . . and is not a dispute regarding the amount of loss" appraisal is not appropriate here. (Docket Entry No. 8 at 4). Safeport responds that both the "coverage *and* the amount of damages (i.e. scope and cost of repairs) are at issue[.]" (Docket Entry No. 9 at 2).

In *State Farm Lloyds v. Johnson*, 290 S.W.3d 886 (Tex. 2009), the Texas Supreme Court held that while "limiting appraisal to damages and not liability is surely correct . . . appraisal can be structured in a way that decides the amount of loss without deciding any liability questions." *Id.* at 889–90; 894. "When an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong" and "nothing prevents the appraisers from finding '$0' if that is how much damage they find." *Id.* at 894. Apolinar argues that an appraisal is "so expensive and coverage is so unlikely" as to make appraisal unnecessary and disproportionate in this case. (Docket Entry No. 8 at 5 (citing *Johnson*, 290 S.W.3d at 895)).

Apolinar claims that "the relative expense of appraisal renders it unsuitable for a residential storm claim with a very modest amount of damages alleged." (Docket Entry No. 8 at 5). The cost of repairs is estimated at around $28,000, and Apolinar estimates the cost of appraisal at $3,000 or more. (Docket Entry Nos. 3 at 1; 8 at 6). But the *Johnson* court ultimately explained that "unless the 'amount of loss' will never be needed . . . appraisals should generally go forward without

preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895; *see Palomino v. Allstate Vehicle & Property Insurance Co.*, 2024 WL 2331797, *5 (S.D. Tex. 2024) ("appraisal is warranted to determine amount of loss, despite current dispute over causation and coverage"); *In re Southern Ins. Co.*, 2011 WL 846205, *1 (Tex.App.—Beaumont 2011) ("a dispute over the extent of a loss is a dispute over the amount of loss[,]" and admission of liability is unnecessary to invoke appraisal). And in *Johnson*, the estimated cost of repair was only $13,000. *Johnson*, 290 S.W.3d at 887.

The amount of loss, and whether a particular loss is covered, are both at issue in this case. That does not preclude appraisal, and Apolinar has not shown that the appraisal would be unduly expensive or disproportionate. An appraisal will not determine liability or coverage, but only the amount of loss to be paid once liability or coverage has been determined by the court.

C. **Whether to Stay the Litigation Pending Appraisal**

"While [a] trial court has no discretion to deny the appraisal, the court does have some discretion as to the timing of the appraisal." *In re Allstate*, 85 S.W.3d at 196. In many cases, the litigation is stayed while appraisal is completed. *See, e.g.*, *Molzan, Inc. v. United Fire & Cas. Co.*, No. H-09-1045, 2009 WL 2215092, at *5 (S.D. Tex. July 23, 2009); *see also Universal Underwriters*, 345 S.W.3d at 407 ("Appraisals can provide a less expensive, more efficient alternative to litigation . . . ."). The court will enter a scheduling order that accommodates the need for an appraisal but allows the parties to timely proceed on the issues of coverage.

## III.     Conclusion

The motion to compel appraisal, (Docket Entry No. 3), is granted. The case will not be abated pending appraisal.

SIGNED on July 17, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge